IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MCKISSOCK & HOFFMAN, P.C. and J. BRUCE MCKISSOCK, Plaintiffs, | : : : : : | |
| v. | : : | Civil Action No. |
| MARCIA WALDRON, in her official capacity as Clerk of the Court for the Court of Appeals for the Third Circuit; | : : : : : : | |
| JAMES C. DUFF, in his official capacity as Director of the Administrative Office of the United States Courts; and | : : : : : | COMPLAINT |
| ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS, Defendants. | : : : : | |

Plaintiffs, McKissock & Hoffman, P.C. and J. Bruce McKissock, assert claims against defendants, Marcia Waldron in her official capacity as Clerk of the Court for the Third Circuit Court of Appeals, James C. Duff in his official capacity as Director of the Administrative Office of the United States Courts and the Administrative Office of the United States Courts, to compel compliance with the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.* ("APA") and the enabling statute for the Administrative Office of the Unites States Courts, 28 U.S.C.A. § 601 *et seq.*, and allege as follows:

I.  PRELIMINARY STATEMENT

1.  This is an action to challenge the final agency decision denying plaintiffs' request to depose a mediator with the Court of the Appeals for the Third

Circuit and the regulations promulgated by the Administrative Office of the United States Courts relating to compliance with subpoenas upon which the agency action was based.

2. The final agency decision was arbitrary and capricious and an abuse of discretion because the agency failed to provide substantiation for the reason for denial and improperly applied the testimonial privilege at issue.

3. The regulations promulgated by the Director of the Administrative Office of the United States Courts regarding compliance with subpoenas exceed the rule-making authority delegated to the Director by 28 U.S.C.A. § 601 *et seq.*, are contrary to the enabling statute for the Administrative Office of the United States Courts and conflict with general principles of law regarding the duty to produce evidence in court and are therefore invalid.

## II. JURISDICTION AND VENUE

4. The Court has original subject matter jurisdiction over this action pursuant to 5 U.S.C.A. § 702 *et seq.* (Administrative Procedure Act) and 28 U.S.C.A. § 1331 (federal question) over a cause of action arising from the application of 28 U.S.C.A. § 601 *et seq.*

5. Venue is proper in this district under 28 U.S.C. § 1391(e) because an employee and officer of an agency of the United States and an agency of the United States are defendants and a substantial part of the events or omissions giving rise to the claims occurred in this district.

III. THE PARTIES

6. Plaintiff, J. Bruce McKissock, was, at all times relevant hereto, a partner with plaintiff, McKissock & Hoffman, P.C., a Pennsylvania Corporation with its principal place of business at 1818 Market Street, 13th Floor, Philadelphia, Pennsylvania 19103.

7. Defendant, Marcia Waldron, is the Clerk of the Court for the Court of Appeals for the Third Circuit. Ms. Waldron's principal place of business is 21400 United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106. In her capacity as Clerk, Ms. Waldron issued a final agency decision denying plaintiffs' request to depose her subordinate that was arbitrary and capricious and otherwise not in accordance with the APA. Ms. Waldron is sued in her official capacity.

8. Defendant, James C. Duff, is the Director of the Administrative Office of the United States Courts. Mr. Duff's principal place of business is One Columbus Circle, NE, Washington, D.C. 20544. In his capacity as Director, Mr. Duff has caused regulations to be promulgated and enforced that exceed the rule-making authority delegated to the Director as set forth in 28 U.S.C.A. § 604. Mr. Duff is sued in his official capacity.

9. The Administrative Office of the United States Courts ("AO") is an agency of the United States Government that provides support services to the Judicial Branch. The AO has its principal place of business at One Columbus Circle, NE, Washington, D.C. 20544. The AO enforces regulations that exceed the

power delegated to the agency in the enabling statute of the AO, as codified in 28 U.S.C.A. § 601 *et seq.*

## IV.   FACTUAL BACKGROUND

10.   Plaintiffs are defendants in a legal malpractice action commenced by Polymer Dynamics, Inc. and now pending before the Court of Common Pleas, Philadelphia County. First amended complaint, attached hereto as Exhibit "A."

11.   The legal malpractice action arises in part from the Third Circuit mediation conducted in the matter captioned as *Polymer Dynamics, Inc. v. Bayer Corporation*, Nos. 07-3730, 07-3731, 07-4645 (3d Cir. Jul. 22, 2009).

12.   The mediation was conducted on November 20, 2007.

13.   Joseph Torregrossa was the mediator for the mediation at issue in the legal malpractice action.

14.   Plaintiffs were the trial counsel for Polymer Dynamics, Inc.

15.   Jeffrey Lamken, formerly of Baker Botts L.L.P., was the appellate counsel of record for Polymer Dynamics, Inc.

16.   Count II of the legal malpractice first amended complaint asserts a claim for failure to recommend their client accept a settlement offer made during the Third Circuit mediation.

17.   In Count II of the legal malpractice complaint, Polymer Dynamics, Inc. alleged that a settlement offer in the amount of twenty-five ($25) million dollars was made during the Third Circuit mediation.

4

18. The plaintiffs and Baker Botts L.L.P. deny that a settlement offer was made during the mediation. Answer with new matter to first amended complaint, attached hereto as Exhibit "B"; answer with new matter to the joinder complaint, attached hereto as Exhibit "C."

19. The documents provided by Polymer Dynamics, Inc. in support of its contention that a twenty-five ($25) million dollar settlement offer was made reflect that the amount was suggested by Mr. Torregrossa in a private consultation with representatives of Polymer Dynamics, Inc., plaintiffs and Mr. Lamken.

20. On October 27, 2010, plaintiffs served a subpoena for the deposition testimony of Joseph Torregrossa.

21. Plaintiffs seek the deposition of Mr. Torregrossa to obtain Mr. Torregrossa's testimony concerning whether there was a settlement offer and the amount if there was a settlement offer.

22. Plaintiffs caused a subpoena from the Commonwealth of Pennsylvania to be served by certified mail on Mr. Torregrossa.

23. By letter dated November 3, 2010, the United States Attorneys' Office informed plaintiffs that they had failed to comply with the requirements of the Administrative Office of the United States Courts regarding subpoenas. November 3, 2010 letter, attached hereto as Exhibit "D."

24. The AO describes its purpose to "serve[] the federal Judiciary in carrying out its constitutional mission to provide equal justice under law." AO mission statement, attached hereto as Exhibit "I."

5

25. AO subpoena regulations provide that a subordinate officer shall refuse to comply with a validly served subpoena without receiving the permission of a "determining officer." AO subpoena regulations, attached hereto as Exhibit "G."

26. The determining officer for subpoenas directed to Mr. Torregrossa is defendant Waldron.

27. The subpoena regulations also provide:

> In determining whether or not to authorize the disclosure of federal judicial information or records or the testimony of federal judicial personnel, the determining officer will consider, based on the following factors, the effect in the particular case, as well as in future cases generally, which testifying or producing records will have on the ability of the federal judiciary or federal judicial personnel to perform their official duties.
>
> (1) The need to avoid spending the resources of the United States for private purposes, to conserve the time of federal judicial personnel for the performance of official duties, and to minimize the federal judiciary's involvement in issues unrelated to its mission.
>
> (2) Whether the testimony or production of records would assist the federal judiciary in the performance of official duties.
>
> . . .
>
> (4) Whether the request is unduly burdensome or is inappropriate under applicable court or administrative rules.
>
> . . .
>
> (9) Whether the testimony or production of records would violate a statute, regulation, or ethical rule.
>
> . . .
>
> (11) Whether the testimony or production of records would disclose confidential information from or pertaining to a presentence investigation report or pertaining to an individual's probation, parole, or supervised release, or would disclose any other information that is confidential under any applicable statute or regulation.

(12) Whether the testimony or production of records reasonably could be expected to result in the appearance of the federal judiciary favoring one litigant over another, or endorsing or supporting a position advocated by a litigant.

(13) Whether the request seeks testimony, records or documents available from other sources.

Exhibit "G."

28. The AO provides its authority to promulgate the subpoena regulations as follows:

These regulations are promulgated under the authority granted the Director of the Administrative Office of the United States Courts, under the supervision and direction of the Judicial Conference of the United States, to "[s]upervise all administrative matters relating to the offices of clerks and other clerical and administrative personnel of the courts," 28 U.S.C. § 604(a)(1); to "[p]erform such other duties as may be assigned to him by . . . the Judicial Conference of the United States," 28 U.S.C. § 604(a)(24); to "make, promulgate, issue, rescind, and amend rules and regulations . . . as may be necessary to carry out the Director's functions, powers, duties, and authority," 28 U.S.C. § 604(f); and to "delegate any of the Director's functions, powers, duties, and authority . . . to such officers and employees of the judicial branch of Government as the Director may designate," 28 U.S.C. § 602(d).

Exhibit "G."

29. Plaintiffs' counsel responded on November 4, 2010 by letter and provided the written request for permission to depose Mr. Torregrossa with supporting documentation, pursuant to the subpoena regulations of the AO. November 4, 2010 letter, attached hereto as Exhibit "E."

30. On November 5, 2010, defendant Waldron issued a final agency decision denying plaintiffs' request for the deposition of Mr. Torregrossa. Decision, attached hereto as Exhibit "F."

7

31. The final decision by defendant Waldron identified Sections 8(a)(1),(2),(4)(9), (11), (12) and (13) of the AO regulations for the basis of the denial.

32. Defendant Waldron explained the denial on the basis of Section 8(a)(11) was the mediation privilege provided for in *Local Rule of Appellate Procedure* 33.5(c).

33. *Local Rule of Appellate Procedure* 33.5(c) provides in relevant part "the mediation shall not disclose to anyone statements made or information developed during the mediation process[.]"

34. Defendant Waldron wrote: "Permitting Mr. Torregrossa to disclose, much less under oath, what was said or not said during the mediation would eviscerate the vital principle of confidentiality and damage the integrity and viability of the Court's mediation program." Exhibit "F."

35. Defendant Waldron did not provide a reason for denial under Sections 8(a)(1),(2),(4),(9),(12) and (13) and only cited those provisions as the basis for denial.

### COUNT I

36. Plaintiffs repeat and incorporate by reference the averments of the above paragraphs 1 through 35.

37. Defendants' November 5, 2010 determination was a final agency action for which there is no special statutory grant for judicial review in a court of law.

38. Defendants' final agency action was arbitrary and capricious.

39. Plaintiffs suffered a legal wrong because of the final agency action and are adversely affected and aggrieved by the final agency action.

40. Defendant Waldron misapplied the mediation privilege as codified in *Local Rule of Appellate Procedure* 33.5(c).

41. The mediation privilege prohibits the disclosure of statements made during mediation.

42. The mediation privilege does not preclude testimony regarding what was "not said" during mediation, as determined by defendant Waldron.

43. Testimony related to communications during conversations among Mr. Torregrossa, Polymer Dynamics, Inc. and its attorneys that do not reveal confidential statements made by representatives of Bayer Corporation are also not protected from disclosure by the mediation privilege.

44. Defendant Waldron did not provide substantiation for the denial based on other subsections of the AO regulations and facially the other subsections do not apply.

45. Defendants' final agency action prevents plaintiffs from obtaining relevant and material evidence necessary in defending against the claims by Polymer Dynamics, Inc. in the legal malpractice action.

46. Plaintiffs are being irreparably harmed by defendants' final agency action because plaintiffs are defenseless without the ability to obtain the information from Mr. Torregrossa.

## COUNT II

47. Plaintiffs repeat and incorporate by reference the averments of the above paragraphs 1 through 46.

48. The subpoena regulations promulgated by the Director of the Administrative Office of the United States Courts are contrary to the enabling statute for the Administrative Office of the United States Courts, exceed the rule-making authority delegated to the Director by 28 U.S.C.A. § 601 *et seq.*, and are in conflict with general principles of law regarding the duty to produce evidence in court.

49. The subpoena regulations are unnecessarily broad and inherently contradictory with their stated purpose.

50. The rule-making authority vested in the Director of the Administrative Office of the United States Courts does not include authority to promulgate rules that affect the rights or interests of the general public or that are contrary to the purpose of the Administrative Office of the United States Courts.

51. The Director is authorized to make rules regarding the proper administration of the federal courts and the employees of the federal courts and that are otherwise consistent with the purpose of the Administrative Office of the United States Courts.

52. The subpoena regulations conflict with the purpose of the AO to assist "the federal Judiciary in carrying out its constitutional mission to provide equal justice under law."

53. The subpoena regulations permit the AO to withhold testimony and evidence from courts at its pleasure, regardless of the effect to the requesting party, in the direct denial of providing equal justice to all.

54. The subpoena regulations provide no manner for judicial review of the AO's decision to withhold testimony and evidence from courts and vest the determining officers with unreviewable discretion.

55. The subpoena regulations conflict with the well-settled and fundamental principle of law regarding the duty on all in society to produce evidence in court when called upon to do so – regardless of an individual's position in society or the personal or professional inconvenience created by producing evidence.

56. The universal duty to produce evidence in court is the most fundamental component of our legal system and the mechanism that makes equal justice available to all.

57. The duty to produce evidence is of paramount importance to the administration of justice when it is a government agency that seeks to suppress material evidence from the court.

58. The subpoena regulations promulgated by the Director allow the AO to refuse to produce evidence 1) if the production will take time and resources, (*see* Section 8(a)(1)) and 2) unless production will benefit the federal judiciary, (*see* Section 8(a)(2)), which are excuses from the duty to produce evidence not available to the rest of society.

59. The subpoena regulations also allow the AO to refuse the production of evidence if the testimony could result in the appearance that the federal judiciary favored one litigant over another, (*see* Section 8(a)(12)), which by its very

application favors the non-requesting party and makes the federal judiciary a partial participant in the outcome of the litigation.

60. The subpoena regulations also allow the AO to refuse the production of evidence if the evidence is available from other sources, (*see* Section 8(a)(13)), which vests the determining officer with an unreviewable decision-making authority over evidentiary sources.

61. The subpoena regulations are not necessary to the duties, functions or powers of the AO or for the administration of the duties, functions or powers of the AO or the Director.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request judgment in favor of plaintiffs and that this Court compel the testimony of Joseph Torregrossa.

Respectfully submitted,

*/s/ Candidus Dougherty*
JEFFREY B. McCARRON
CANDIDUS K. DOUGHERTY

Identification Nos. 49467/206106
SWARTZ CAMPBELL LLC
Two Liberty Place
50 S. 16th Street, 28th Floor
Philadelphia, PA  19102
(215) 299-5190
jmccarron@swartzcampbell.com
cdougherty@swartzcampbell.com

Dated: December 6, 2010