IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MCKISSOCK & HOFFMAN, P.C.,      :        CIVIL ACTION
et al.                          :
              v.                :
                                :
MARCIA WALDRON, et al.          :        NO. 10-7108

MEMORANDUM

McLaughlin, J.                              August 4, 2011

This action was brought by a law firm, McKissock &
Hoffman, PC, and J. Bruce McKissock, Esquire, who are defendants
in a legal malpractice suit currently pending in the Philadelphia
County Court of Common Pleas.  The law firm sought the testimony
of the Chief Mediator for the United States Court of Appeals for
the Third Circuit as part of its defense, but the Clerk of Court
denied the plaintiffs' request to depose the Mediator.  The
plaintiffs assert that the Clerk's denial violated the
Administrative Procedure Act ("APA"), 5 U.S.C. § 701, et seq.
The defendants have moved to dismiss the plaintiffs' complaint,
or in the alternative, for summary judgment.  The Court will
grant the defendants' motion to dismiss.


I.    Factual Background

The plaintiffs in this case, McKissock & Hoffman, P.C.
and J. Bruce McKissock, are defendants in a legal malpractice
suit currently pending in the Philadelphia County Court of Common
Pleas.  The malpractice suit arose out of the law firm's

representation of Polymar Dynamics in a breach of contract suit against Bayer Corporation that was pending in the United States Court of Appeals for the Third Circuit.  In the legal malpractice action pending in the Philadelphia County Court of Common Pleas, Polymar alleges that, during mediation, McKissock & Hoffman, P.C. committed legal malpractice by failing to advise them that they should accept a $25,000,000.00 settlement, which the mediator allegedly offered to them.  <u>See</u> Compl. Ex. A ¶ 9.  McKissock & Hoffman denies that the offer was ever made.  <u>See</u> Compl. ¶ 18.

McKissock & Hoffman sought the testimony of the Mediator by serving him with a subpoena on October 27, 2010.  <u>See</u> Compl. ¶ 20.  On November 3, 2010, the United States Attorney's Office for the Eastern District of Pennsylvania sent a letter to counsel for McKissock & Hoffman informing them that their request did not comply with the required procedures of the Administrative Office of the United States Courts ("AOUSC").  <u>See</u> Compl. Ex. D. On November 4, 2010, counsel for McKissock & Hoffman sent a letter to the United States Attorney's Office that included a second request for the Mediator's testimony.  <u>See</u> Compl. Ex. E.

On November 5, 2010, the Clerk denied McKissock & Hoffman's request to permit the Mediator to testify.  The Clerk cited several reasons for her decision: (1) sovereign immunity prevents a state court from compelling the testimony of a federal employee; (2) the Mediator's testimony would be a breach of

confidentiality and thus a violation of § 8(a)(11) of the subpoena regulations for the federal judiciary; and (3) a number of the other factors set forth in the subpoena regulations, specifically §§ 8(a)(1), (2), (3), (4), (9), (12), and (13), weighed against allowing the Mediator to testify.  <u>See</u> Compl. Ex. F.

On December 6, 2010, the plaintiffs filed a complaint with this Court alleging that the Clerk, the AOUSC, and the Director of the AOUSC violated the APA.  The plaintiffs argue that (1) the Clerk's decision to deny their request was arbitrary, capricious, and an abuse of discretion under the APA; and (2) the Clerk and the AOUSC lack the authority to adopt and administer subpoena regulations.  <u>See</u> Compl. 8-12.

The defendants filed a motion to dismiss for lack of jurisdiction, or alternatively, for summary judgement.  On July 26, 2011, the Court held oral argument on the defendants' motion.


II.  <u>Analysis</u>

The defendants argue that the Court lacks subject matter jurisdiction over this case because the Clerk and the AOUSC are part of the federal judiciary and, therefore, exempt from review under the APA.

The APA confers a general cause of action upon persons "adversely affected or aggrieved by agency action."  5 U.S.C.

§ 702.  Congress specifically precluded judicial review of "the courts of the United States" under the APA by excluding them from the definition of "agency."  Id. § 701(b)(1)(B).  The issue before the Court is whether § 701(b)(1)(b) prevents judicial review of the decision of the Clerk of the Third Circuit to deny the plaintiffs' request to permit the Mediator to testify.

The majority of courts interpreting the APA have endorsed a broad interpretation of "the courts" that encompasses the entire judicial branch.  For example, in In re Fidelity Mortgage Investors, 690 F.2d 35 (2d Cir. 1982), the United States Court of Appeals for the Second Circuit held that the Judicial Conference was exempt from APA review because it was part of "the courts."  The Court analyzed the legislative history of the APA and concluded that "[i]f legislative history has any significance at all, it is clear that Congress intended the entire judicial branch of the Government to be excluded from the provisions of the Administrative Procedure Act."  Id. at 38 (citing Wacker v. Bisson, 348 F.2d 602, 608 n. 18 (5th Cir. 1965)).[1]

Several district courts have held that the AOUSC is exempt from judicial review under the APA because it is part of "the courts."  See Novell, Inc. v. United States, 109 F. Supp. 2d

_____

[1]     Although Fidelity "involved the Judicial Conference rather than the Administrative Office, the Second Circuit's language regarding the 'entire judicial branch' appears to encompass the AOUSC as well."  Novell, Inc., v. United States, 109 F. Supp. 2d 22, 25 (D.D.C. 2000).

22, 26 (D.D.C. 2000) (holding that the AOUSC is part of "the courts"); Tashima v. Admin. Office of the U.S. Cts., 719 F. Supp. 881 (C.D. Cal. 1989), aff'd on other grounds, 967 F.2d 1264 (9th Cir. 1992);[2] Wayne Seminoff Co. v. Mecham, No. 02-2445, 2003 U.S. Dist. Lexis 5829, at *38 (E.D.N.Y. 2003) (holding that the Freedom of Information Act, which uses the same language as the APA, does not apply to the AOUSC).  But see Goldhaber v. Foley, 519 F. Supp. 466, 480 (E.D. Pa. 1981) (holding that AOUSC is not exempt from the APA).  These decisions are based on the legislative history of the APA and the fact that the AOUSC is supervised by judges and its activities are interwoven with those of the judiciary.  See Novell, 109 F. Supp. 2d at 26.

     The Court aggress that the legislative history of the APA supports a broad interpretation of "the courts" that includes the entire judicial branch.  The committee notes to the APA state

_____

     [2]     In Tashima, the Honorable A. Wallace Tashima, United States District Judge for the Central District of California, brought an action against the AOUSC to authorize payment for private counsel in two lawsuits pursuant to 28 U.S.C. § 463.  Judge Tashima sought relief in three forms: (1) a writ of mandamus, (2) relief under the APA, and/or (3) declaratory judgment.  The District Court concluded that a writ of mandamus was not warranted and the AOUSC was not an "agency" within the meaning of the APA.  Tashima I, 719 F. Supp. at 886.  The District Court, however, granted declaratory relief after concluding that it had federal question jurisdiction concerning the scope of the AOUSC's duties under 28 U.S.C. § 463.  The Court of Appeals for the Ninth Circuit affirmed the declaratory judgment in favor of Judge Tashima and therefore did not need to reach the issue of whether the AOUSC fell under the APA.  See Tashima II, 967 F.2d at 1274-75.

that the word "agency" should be interpreted substantially as in the Federal Reports Act of 1942, the Federal Register Act, and the Federal Register Regulations.  Administrative Procedure Act, Legislative History, S. Doc. No 248, at 12-13, 79th Cong., 2d Sess. (1946).  The Federal Reports Act defines "agency" as including only those entities within the executive branch.  Pub. No. 831, 77th Cong. 2d. Sess. (1942).  The Federal Register Act specifically excludes the "judicial branch" of government.  44 U.S.C. § 304, 44 Stat. 500 (1935).  The Federal Register Regulations also specifically include "the executive branch" and exclude the entire judicial and legislative branches from the definition of agency.  1 C.F.R. 2.1(b), rev'd 6 F.R. 4397 (1941).  Furthermore, the legislative history contains multiple references to the definition of agency as "exclud[ing] judicial . . . authorities whether or not subject to review by another agency." Administrative Procedure Act, Legislative History at 196, 305-06, 354.

     The nature of the decision challenged in this case also supports the inclusion of the defendants in the APA's definition of "the courts."  Marcia Waldron is the Clerk of the United States Court of Appeals for the Third Circuit and her decision related directly to a case that was pending before the Court.  Ms. Waldron is bound by Third Circuit Rules and reports

-6-

to the Judges of that Court.  The Court holds that under these circumstances, her decision cannot be challenged under the APA.

The plaintiffs argue, in the alternative, that even if the Clerk and the AOUSC are not agencies, their voluntary enactment of Touhy regulations makes them subject to judicial review under the APA.[3]  The plaintiffs appear to urge the Court to hold that an entity, which Congress has specifically excluded from the ambit of the APA, can subject itself to judicial review under that statute if it enacts administrative procedures under Touhy.

The Court rejects this argument, in support of which the plaintiffs cite no case law.  The plaintiffs are mistaken in their assertion that the regulations were adopted voluntarily by the Clerk and the AOUSC.  The regulations upon which the Clerk relied when she denied the subpoena were promulgated by the Judicial Conference to govern federal judges and other employees of the federal judiciary.  The Judicial Conference is a policy-making body composed of federal judges and it acts as an auxiliary of the courts.  It is not an agency.  In re Fidelity,

_____

[3]     Touhy regulations refer to administrative procedures promulgated pursuant to United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).  In that case, the Supreme Court held that agency directors may disseminate regulations governing internal affairs.  Id. at 467-68.  Specifically, the Court ruled that an agency subordinate could not be held in contempt of court for failing to respond to a subpoena, where a supervisor, in accordance with a Department of Justice policy, ordered him not to do so.  Id.

690 F.2d at 38; <u>Tashima</u>, 719 F. Supp. at 886 n.4.  Although the Judicial Conference may have enacted the regulations pursuant to <u>Touhy</u>, that fact alone does not make it an agency because the Judicial Conference is an organ of the judicial branch with the power to bind the courts.  <u>See</u> 28 U.S.C. § 331 ("All judicial officers and employees of the United States shall promptly carry into effect all orders of the Judicial Conference. . . .").  The same regulations that govern the Clerk also apply to federal judges and their staffs.  <u>See</u> Report of the Judicial Conference of the United States 9 (March 2003) (stating that the regulations "govern[] responses to subpoenas issued to federal judges and employees.").  The Court is not persuaded that, in abiding by the Judicial Conference's regulations for responding to subpoenas, a judge would become subject to the APA.  Accordingly, the fact that Clerk followed the same regulations does not confer APA jurisdiction over her actions.

An appropriate order shall issue separately.